IN THE MATTER OF JUDICIAL DITCH No. 2, ITASCA COUNTY.

SAMUEL A. ANDERSON v. J. S. PILLSBURY AND COMPANY.[1]

February 15, 1918.

No. 20,405.

**Judicial ditch — benefit not greater than cost — evidence.**

> The evidence justified the court in finding that the benefits to be derived from the proposed ditch would not exceed the cost of constructing it.

Samuel A. Anderson and others petitioned the district court for Itasca county for the construction of a certain ditch designated as Judicial Ditch No. 2. The order establishing the ditch was set aside and the engineer directed to file an amended report. The matter was thereafter heard by Stanton, J., who denied the petition. From the order denying the petition, petitioners appealed. Affirmed.

*Duxbury & Duxbury* and *William A. Watts,* for appellants.

*Thwing & Rossman, A. L. Thwing* and *Taylor & Anderson,* for respondents.

TAYLOR, C.

This is an appeal from an order refusing to establish a judicial ditch,

[1] Reported in 166 N. W. 405.

"for the reason that the proposed ditch will not be of public utility or benefit, and that the estimated benefits to be derived from the construction of said work will not exceed the total cost thereof."

. The court had no authority to order the construction of the ditch, unless it found that the ditch would be of public benefit, and also that the special benefits to be derived from it would exceed the total cost of the project. The petitioners contend that the evidence established the affirmative of both these propositions so conclusively that the court could not reasonably hold that they were not established. We are unable to reach this conclusion.

The viewers reported their estimate of the benefits at $103,173, and the engineer reported his estimate of the cost at $73,324. The petitioners base their contention largely upon these reports; but these reports did not conclusively establish the facts reported, and the court was called upon to determine, from all the evidence presented, whether the ditch would be of public benefit, and, if so, whether the amount of special benefits would exceed the total cost. In addition to these reports a large amount of other evidence was presented, some of which tended to cast doubt upon whether the ditch would accomplish the purpose intended, and some of which tended to show that the viewers had largely overestimated the amount of special benefits which would be derived from the ditch. The testimony is too voluminous to summarize and we shall merely mention a few practically undisputed facts which the court necessarily took into consideration in reaching its conclusion.

The ditch is in a comparatively wild and unimproved locality and there are very few settlers in that vicinity. It appears that swamp lands adjoining the ditch are assessed for amounts which exceed the present value of such lands; that swamp lands, the nearest boundary of which is half a mile from the ditch, are assessed for amounts not much below the present value of such lands; that considerable quantities of land which are high and dry are assessed for amounts nearly as large as those assessed against the neighboring swamp lands, and that a considerable part of the entire assessment is for benefits which are not special to the land assessed but general to the entire community. The viewers assign as the basis for considerably more than one-third

of their estimate of benefits that the locality would become more healthful; that the swamps would cease to be a breeding place for mosquitoes; that the climatic conditions would be improved and the lands be less subject to frosts, and that the building and repair of roads would be facilitated and the lands would become more accessible and marketable. The lands assessed would perhaps derive special benefits, in the form of enhanced values, from such results; but it is obvious that benefits of this character are largely speculative and would be shared by the community generally, and the evidence would hardly justify the court in finding that the special benefits of this nature to these particular lands, as distinguished from the general benefit to the community, would amount to the large sum estimated by the viewers.

We are of opinion that upon the record taken as a whole the court reached the correct conclusion and the order is affirmed.